part of the insured. If, therefore, the action of the broker did not *ipso facto* cancel the policy, it remained in force and the insured was at liberty to accept the return therefor as he did. He could not have received his broker's letter informing him that by mistake over-insurance had been taken out on the *Mobile* until after the fire, so that he had no opportunity of either approving or disapproving the action of the broker in returning the binding slip; but he promptly accepted the action of the agents of the company in declining to "Mark off" the policy and insisting that it remain in force by retaining the policy and presenting proofs of loss almost immediately. In the circumstances it is not at all clear that the agent was not authorized to procure the insurance; but if he were not, the insured had a right, even after the fire, since that was the first time he had an opportunity to do so, to ratify the act of his broker and accept the policy upon the theory that a subsequent ratification is equivalent to original authority. Story Agency [9th ed.], § 445; *Hagedorn* v. *Oliverson*, 2 M. & S. 485; *Excelsior Fire Ins. Co.* v. *Royal Ins. Co.*, 55 N. Y. 343.) It follows that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

---

Blanche T. Holland, Respondent, v. Frederick A. Reed and Eudoise Barnett (Sued Herein as Eloise Barnett), Appellants.— Judgment and order affirmed, with costs. No opinion. (Houghton, J., dissenting.) Order filed.

Grace Georgette Dickinson, Appellant, v. William I. Seaman, Respondent, Impleaded with Lillie Lane and Others.— Judgment affirmed, with costs. No opinion. Order filed.

Martin L. Cuppels, Respondent, v. Patrick Ryan and Andrew McC. Parker, Appellants.— Judgment and order affirmed, with costs. No opinion. (Ingraham and McLaughlin, JJ., dissenting.) Order filed.

In the Matter of the Application of The Mayor, Aldermen and Commonalty of the City of New York, Relative to Acquiring Title, etc., to the Lands, Tenements and Hereditaments Required for the Purpose of Opening Perry Avenue (Although Not Yet Named by Proper Authority), from Mosholu Parkway to the Southern Line of Woodlawn Cemetery, etc., in the Twenty-fourth Ward of the City of New York. Frederick H. Brandt and John J. Wilson, Appellants; The City of New York, Appellant, Respondent; The Woodlawn Cemetery Association, Respondent.— Reargument ordered.

The People of the State of New York v. Joseph Ferone. The People of the State of New York v. Louie Way.— Motions denied. Orders filed.

The People of the State of New York v. Peter J. Beckert.— Motion granted. Order filed.

The People of the State of New York v. Sam Schwald.— Motion granted. Order filed.

The People of the State of New York v. Lawrence F. Mingey. The People of the State of New York v. George W. Curtis. The People of the State of New York v. Julia Faber. The People of the State of New York v. Louis Levin. The People of the State of New York v. Oscar A. Spier. The People of the State of New York v. Angelo Doddato. The People of the State of New York